UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-14114-CIV-ALTONAGA

**PATRICIA WILLIAMS**,

    Petitioner,
v.

**FLORIDA DEPARTMENT OF
CORRECTIONS**,

    Respondent.
_____/

### ORDER

**THIS CAUSE** comes before the Court on Petitioner, Patricia William's Petition Under 28 U.S.C. [Section] 2254 for Writ of Habeas Corpus by a Person in State Custody [ECF No. 1]. Petitioner challenges the constitutionality of her state conviction and sentence on charges of child neglect and aggravated child abuse. (*See generally* Pet.).

Respondent, Florida Department of Corrections filed a Response [ECF No. 8]; an Index to Appendix [ECF No. 9] with exhibits [ECF Nos. 9-1 & 9-2]; and a Notice of Filing Transcripts [ECF No. 10] with attached transcripts [ECF Nos. 10-1 & 10-2].[1] Petitioner thereafter filed a Reply [ECF No. 13]. The Court has carefully considered the parties' written submissions, the record, and applicable law. For the following reasons, the Petition is dismissed.

### I. BACKGROUND

On May 16, 2018, a St. Lucie County jury found Petitioner guilty as charged in the Information on counts of Aggravated Child Abuse (Count 1), Aggravated Child Abuse-

---

[1] Volume I [ECF No. 10-1] contains the transcripts of a child hearsay hearing, the jury trial, and the sentencing hearing; and Volume II [ECF No. 10-2] contains the transcript of the evidentiary hearing on the Motion for Postconviction Relief.

Aggravated Battery (Count 2), and Child Neglect- Great Harm (Count 3). (*See* App., Ex. 1, Verdict 27–28).[2] Petitioner was sentenced to a concurrent term of 360 months' imprisonment on Counts 1 and 2 and a consecutive term of 15 years' probation on Count 3. (*See* App., Ex. 1, Sentence 34–40). The Florida Fourth District Court of Appeal ("Fourth DCA") affirmed the conviction and sentence on April 18, 2019. *See Williams v. State*, 270 So. 3d 351 (Fla. 4th DCA 2019) (mem.; per curiam). The Mandate issued on May 17, 2019. (*See* App., Ex. 1, May 17, 2019 Mandate 127).

Back at the trial court, Petitioner filed a Motion for Postconviction Relief on April 14, 2020. (*See* App., Ex. 1, Mot. to Vacate or Set Aside J. & Sentence 129–76). On August 24, 2020, the trial court denied grounds 1, 4, 5, 6, and 7 of the Motion and granted an evidentiary hearing on grounds 2 and 3. (*See* App., Ex. 1, Aug. 24, 2020 Order Den. Mot. to Vacate or Set Aside J. & Sentence 223–29). An evidentiary hearing was held on April 8, 2021. (*See generally* Notice of Filing Trs., Ex. 2, Evidentiary Hr'g Tr.).

On May 26, 2021, the trial court denied the remaining grounds for postconviction relief. (*See* App., Ex. 1, May 26, 2021 Order Den. Mot. to Vacate or Set Aside J. & Sentence 231–39). The Fourth DCA affirmed the denial of the Motion to Vacate or Set Aside Judgment and Sentence on August 25, 2022. *See Williams v. State*, 350 So. 3d 346 (Fla. 4th DCA 2022) (mem.; per curiam). Petitioner filed a motion for rehearing, which the Fourth DCA denied on December 2, 2022. (*See* App., Ex. 2, Dec. 2, 2022 Order Den. Mot. for Rehr'g 69). The Mandate issued on December 23, 2022. (*See* App., Ex. 2, Dec. 23, 2022 Mandate 71).

---

[2] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

Petitioner filed the present Petition on April 20, 2023.[3] For the reasons explained, the Court does not reach the merits, as the Petition is time-barred, and Petitioner does not demonstrate that equitable tolling is warranted.

## II. DISCUSSION

**A.** <u>Timeliness</u>

*i.* *The Petition is Untimely.*

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides a "[one]–year period of limitation . . . [for] an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1) (alterations added). The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* The limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending[.]" *Id.* § 2244(d)(2) (alterations added).

Petitioner does not assert that an unconstitutional State-created impediment to filing her

---

[3] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (citations omitted).

3

federal habeas Petition existed, that she bases her claims on a right newly recognized by the United States Supreme Court, or that the facts supporting her claims could not have been discovered through the exercise of due diligence. (*See generally* Pet.). Accordingly, the statute of limitations is measured from the sole remaining trigger, which is the date Petitioner's "judgment" became final. 28 U.S.C. § 2244(d)(1)(A).

The date of finality for purposes of the limitations period is the conclusion of the appeal process or the expiration of the time for seeking review. *See Jimenez v. Quarterman*, 555 U.S. 113, 121 (2009). Here, the Fourth DCA affirmed Petitioner's conviction and sentence on April 18, 2019, without a written opinion. *See Williams*, 270 So. 3d 351 (mem; per curiam). Because there was no written opinion, Petitioner could not seek discretionary review with the Florida Supreme Court. *See Wheeler v. State*, 296 So. 3d 895, 896 (Fla. 2020) (explaining that the Florida Supreme Court "lacks jurisdiction to review unelaborated orders or opinions" from the lower courts "that do not expressly address a question of law").

Consequently, the Fourth DCA became Petitioner's court of last resort on April 18, 2019, and her conviction became final 90 days later, on July 17, 2019, when the time for filing a petition for a writ of certiorari with the United States Supreme Court expired. *See* U.S. Sup. Ct. R. 13.1; *see also Chavers v. Sec'y, Fla. Dep't of Corr.*, 468 F.3d 1273, 1275 (11th Cir. 2006) (holding that the entry of judgment is the event that starts the running of time for seeking review by the Supreme Court). Accordingly, the AEDPA one-year limitations period began on July 17, 2019. *See* 28 U.S.C. § 2244(d)(1)(A).

From there, on April 14, 2020 — 272 days from July 17, 2019 — Petitioner filed her Motion to Vacate or Set Aside Judgment and Sentence. (*See generally* Mot. to Vacate or Set Aside J. & Sentence 129–76). The Motion for Postconviction Relief remained pending until its denial

was affirmed on appeal, and the corresponding Mandate issued, on December 23, 2022. (*See* Dec. 23, 2022 Mandate); *see also Nyland v. Moore*, 216 F. 3d 1264, 1267 (11th Cir. 2000) ("In Florida, a state court of appeals' order denying a rehearing on its affirmance of the state trial court's denial of a motion for post-conviction relief is pending until the mandate issues." (citation omitted)).

From December 23, 2022, Petitioner had 93 days[4] — or until March 27, 2023[5] — to file a federal habeas petition. As discussed, the Petition was not filed until April 20, 2023. In other words, the Petition was filed 24 days past the one-year AEDPA deadline. *See* 28 U.S.C. § 2244(d)(1)(A). The Petition is therefore time-barred. *See id.*

    ii.    *Equitable Tolling is Not Warranted.*

Nevertheless, "[i]f a defendant files a petition for a federal writ of habeas corpus beyond the one-year limitation period, the district court may still review an untimely petition filed by a petitioner entitled to equitable tolling." *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011) (alteration added). A federal habeas petitioner "is entitled to equitable tolling only if [she] shows (1) that [she] has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way and prevented timely filing" of the habeas petition. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (alterations added; citation and quotation marks omitted). Petitioner makes no argument in support of equitable tolling. (*See generally* Pet., Reply).

---

[4] 365 days in a year minus 272 days of tolling equals 93 days.

[5] The actual 93rd day — March 26, 2023 — fell on a Sunday, but in such circumstances, the Federal Rules of Civil Procedure extend the deadline to the next business day. *See* Fed. R. Civ. P. 6(a)(1)(C) ("[I]nclude the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." (alteration added)); *see also Wilson v. Beard*, 426 F.3d 653, 662 (3d Cir. 2005) ([T]he Federal Rules of Civil Procedure apply, by their own terms, to habeas cases." (alteration added)); *Moore v. Campbell*, 344 F.3d 1313, 1319 (11th Cir. 2003) ("We have determined that, for petitioners whose convictions became final *after* the enactment of the AEDPA, Rule 6(a) applies to the calculation of the one-year statute of limitations." (citation omitted, emphasis in original)).

Therefore, equitable tolling is not warranted.

### B. Evidentiary Hearing

In a habeas corpus proceeding, the burden is on the petitioner to establish the need for an evidentiary hearing. *See Chavez v. Sec'y, Fla. Dep't of Corrs.*, 647 F.3d 1057, 1060 (11th Cir. 2011). "[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) (alteration added; citation omitted). Here, the pertinent facts of the case are fully developed in the record — as explained, Petitioner is time-barred, and thus precluded, from obtaining habeas relief. Because the Court can "adequately assess [Petitioner]'s claim[s] without further factual development[,]" Petitioner is not entitled to an evidentiary hearing. *Turner v. Crosby*, 339 F.3d 1247, 1275 (11th Cir. 2003) (alterations added).

### C. Certificate of Appealability

A prisoner seeking to appeal a district court's final order denying her petition for a writ of habeas corpus has no absolute entitlement to appeal and must obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180, 183 (2009). A certificate of appealability shall issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, a district court dismisses a petition based on procedural grounds, a petitioner must further demonstrate that reasonable jurists "would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration of the record, the Court concludes that Petitioner has not done so, and thus there is no basis to issue a certificate of appealability.

### IV. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

CASE NO. 23-14114-CIV-ALTONAGA

1. The Petition Under 28 U.S.C. [Section] 2254 for a Writ of Habeas Corpus by a Person in State Custody **[ECF No. 1]** is **DISMISSED**.

2. A *certificate of appealability* is **DENIED**.

3. The Clerk of Court is directed to **CLOSE** this case. Because there are no issues with arguable merit, an appeal would not be taken in good faith, and thus, Petitioner is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** in Miami, Florida, this 8th day of August, 2023.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc: counsel of record
Petitioner, *pro se*